GULOTTA, Judge.
This is an appeal from a judgment in favor of defendant dismissing plaintiff’s deficiency judgment suit. Appellant is the Federal Deposit Insurance Corporation (F.D.I.C.) who, as duly-appointed receiver for International City Bank and Trust Company, has been substituted as party plaintiff. The issue confronting us is whether a creditor is entitled to a deficiency judgment where stocks pledged to secure a note are sold at a private sale without appraisement, and the proceeds applied to the obligation on which the debtor has defaulted. We hold that the Deficiency Judgment Act does not apply to the sale by a creditor of pledged stocks which are listed on a national stock exchange whose index is published in a daily newspaper.
On June 26, 1974 Karl M. Zander, Jr. executed a note for $65,850.52 in favor of the International City Bank and Trust Company. The note provided for interest and stipulated attorney’s fees in the event of nonpayment. It also stated that if the note was not paid at maturity, the creditor was authorized to sell the pledged security, without recourse to judicial proceedings, at a public or private sale. If the amount received from the sale was insufficient to pay the principal, interest and attorney’s fees, the debtor was to remain liable for any deficiency. The note was secured by a pledge of 5,000 shares of Seaboard World Airlines common stock and 1,000 shares of Tidewater Marine common stock.
When Zander defaulted on the interest payments, ICB sold all 6,000 shares of the pledged stock pursuant to the note’s provisions. At prevailing market prices on the New York Stock Exchange, the stock brought $51,683.28. ICB then filed suit against Zander for the deficiency remaining on the note, in the amount of $14,167.24, together with interest, attorney’s fees and costs. Zander filed a motion for summary judgment, claiming that plaintiff could not recover any deficiency, because the private sale of the stock was made without appraisal and was barred by the Louisiana Deficiency Judgment Act, LSA-R.S. 13:4106 and 13:4107. The district court granted Zander’s motion, and plaintiff appealed.
Relying on the wording of the Deficiency Judgment Act,[1] F.D.I.C. contends the Act *508 (which relieves a debtor of a deficiency judgment where the creditor takes advantage of a waiver of appraisement) applies only to a judicial sale. Because the sale in the instant case was a private one, plaintiff contends the Deficiency Judgment Act is not applicable. According to plaintiff, this situation is governed by LSA-C.C. article 3165, which provides that a pledgor may authorize the sale of the pledged property in such manner as may be agreed upon between the parties, without intervention' of the court. Plaintiff also finds support in LSA-C.C. article 3172, which states that if the proceeds from the sale of the pledged property exceed the debt, the surplus shall be restored to the owner; if however, the proceeds are insufficient to satisfy the debt, the creditor is entitled to claim the balance out of the debtor’s other property. Finally, plaintiff contends it would be vain and useless to acquire appraisement of a stock listed on a national stock exchange, since the value of that stock will be determined on any given day by the value listed on the stock exchange index and published in the daily newspaper. Requiring formal ap-praisement of such a stock, plaintiff claims, would involve undue and unnecessary expense and time.
Defendant, on the other hand, emphasizes that LSA-R.S. 13:4107 declares the Deficiency Judgment Act is a matter of public policy, and cannot be waived. Further, although the language of the Deficiency Judgment Act refers only to judicial sales, numerous cases have interpreted it to apply to private sales as well, e. g., Clay-Dutton, Inc. v. Plantation Nursing Home, 239 So.2d 442 (La.App. 4th Cir. 1970). Defendant contends further that plaintiff chose to sell the stock in a depressed market, during the 1974 recession, resulting in the deficiency. Thus, Zander contends, plaintiff is not entitled to a deficiency.
Although LSA-R.S. 13:4107 declares the Deficiency Judgment Act cannot be waived, waiver is not the crucial question in this case. Rather, we must look to the public policy underlying the Deficiency Judgment Act to determine whether it is applicable to this type of situation. The dangers involved in sale of real estate or other types of property without appraisement are not applicable to sale of a stock listed on a national stock exchange, such as was the case here. Formal appraisal of such stock would, as plaintiff contends, be vain and useless, for its market value may be determined on any given day simply by referring to the stock index in any daily newspaper. Thus, to require a formal appraisal would involve unnecessary time and expense, and would in no way afford any further protection to the debtor who has pledged such stock.
The stock market is an uncertain thing, varying from day to day. We cannot agree with defendant’s contention that plaintiff should, in effect, be punished for selling the stock in a depressed market. This was the chance defendant took when he pledged the stock and signed a waiver of appraisement in accord with LSA-C.C. article 3165. Further, a pledgor is protected by the pledgee’s fiduciary duty to him, and may claim damages if the pledgee violates the duty.
Accordingly, we conclude that the Deficiency Judgment Act, LSA-R.S. 13:4106-4107, does not apply to the sale by a creditor of pledged stock, where the stock is listed on a national stock exchange. For the foregoing reasons, therefore, we reverse the judgment of the district court granting Zander’s motion for summary judgment, and remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. LSA-R.S. 13:4106 reads as follows:
“§ 4106. Deficiency judgment prohibited if sale made without appraisement.
If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have *508 a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby. As amended Acts 1952, No. 20, § 1; Acts 1960, No. 32, § 1.”